UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH LYNN BITTNER,

    Plaintiff,

v.                                   Case No. 8:23-cv-2550-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's unopposed motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 35). For the reasons discussed below, the Plaintiff's motion is granted in part and denied in part.

I.

The Plaintiff initiated this action in November 2023 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). In April 2024, the Commissioner filed a motion asking that judgment be entered in the Plaintiff's favor and that the case be remanded in accordance with

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

sentence four of 42 U.S.C. § 405(g). (Doc. 26).[2] The Court granted the Commissioner's request (Doc. 32), and the Clerk of Court entered Judgment for the Plaintiff a few days later (Doc. 33). The instant motion, uncontested by the Commissioner, followed. (Doc. 35).

II.

The EAJA authorizes a court to grant attorneys' fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust. 28 U.S.C. § 2412(d). To warrant the issuance of fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and her net worth must not have exceeded $2,000,000 at the time she commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

---

[2] The Commissioner filed an earlier motion for remand, which the Plaintiff opposed because the motion did not afford the Plaintiff the opportunity for a hearing before the Social Security Administration. *See* (Docs. 22–24). The Commissioner's later motion allowed for such a hearing. (Doc. 26).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, it is appropriate to grant attorneys' fees pursuant to the EAJA in this case.

In assessing the fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly

3

rates exceeding $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Roman v. Comm'r of Soc. Sec.*, 2024 WL 3046249, at *1 (M.D. Fla. June 18, 2024); *Goldstein v. Comm'r of Soc. Sec.*, 2024 WL 2019866, at *1 (M.D. Fla. May 7, 2024); *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2 (M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022). The Court therefore finds there is a sufficient basis to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[3] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments). Given this case authority, the Court finds it reasonable to employ the CPI as a guide for determining cost of living

---

[3] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

increases under the EAJA.  *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited July 17, 2024).

Here, the Plaintiff seeks $10,041.93 in attorneys' fees predicated upon a total of 40.2 hours expended in this action by her lawyers, Carol Avard and Craig Polhemus, at the hourly rates of $244.62 in 2023 and $250.00 in 2024.  (Doc. 35 at 3).  To buttress her fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Ms. Avard and Mr. Polhemus rendered in the case.  (Doc. 35-1).  The Commissioner does not contest the Plaintiff's calculated fee figure.  (Doc. 35 at 4).

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rates claimed by counsel are both reasonable and adequately supported.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021).  The Plaintiff is thus entitled to $10,041.93 in attorneys' fees.

In addition to this amount, the Plaintiff seeks $24 in paralegal fees stemming from a total of .40 hours of work conducted by a paralegal at the hourly rate of $60. (Doc. 35-1 at 19–20).  It is well settled that paralegal fees are recoverable under the EAJA provided that the hourly rate and the time expended are reasonable and the services completed are of the type normally engaged in by a lawyer.  *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (ruling that paralegal fees are recoverable

under the EAJA at the prevailing market rate); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (explaining that paralegal fees are compensable "to the extent that the paralegal perform[ed services] traditionally done by an attorney").

    After careful review, the Court finds that the Plaintiff's request for paralegal fees is deficient. According to the itemized schedule included with the Plaintiff's motion, the labor engaged in by the paralegal totaled only .20 hours, not .40 hours. (Doc. 35-1 at 19). More importantly, the services rendered by the paralegal consisted of electronically filing the Plaintiff's response to the Commissioner's motion to remand. *Id*. Such a clerical task does not amount to the type of work usually conducted by a lawyer. *See Pecora v. Comm'r of Soc. Sec.*, 2024 WL 1050445, at *2 (M.D. Fla. Mar. 11, 2024) ("[C]lerical work, such as routine filing, is not traditionally done by an attorney and, thus, not recoverable under [the] EAJA.") (citing *Valerie S. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 16702512, at *2 (N.D. Ga. Sept. 7, 2022)); *Jones v. Kijakazi*, 2023 WL 4591934, at *2 (M.D. Fla. July 18, 2023) ("'Purely clerical or secretarial tasks that require no legal skill or training, such as . . . e-filing documents, should not be billed at a paralegal rate regardless of who performs them.'") (quoting *Ortega v. Berryhill*, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017)); *Langer ex rel. Langer v. Comm'r of Soc. Sec.*, 2020 WL 7210026, at *4 (M.D. Fla. Nov. 20, 2020) (rejecting a fee request for time expended by a paralegal electronically filing a document because that task constituted clerical work subsumed within the attorney's fee), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020). As a result, the Plaintiff is not entitled to the requested $24 in paralegal fees.

III.

For the reasons set forth above, it is hereby ORDERED:

1. The Plaintiff's unopposed motion for attorneys' fees pursuant to the EAJA (Doc. 35) is granted in part and denied in part as more fully described herein.

2. The Plaintiff shall be awarded attorneys' fees in the amount of $10,041.93.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff. If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyers.

SO ORDERED in Tampa, Florida, this 18th day of July 2024.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record